ROGER K. LITMAN, 57634
Attorney at Law
Civic Center Square
2300 Tulare Street, Suite 230
Fresno, California 93721
Telephone: (559) 237-6000

Attorney for Defendant, JAMES JACKSON

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.  06-00047 OWW |
| Plaintiff, ) | |
| ) | **ORDER AFTER HEARING** |
| v. ) | |
| ) | |
| JAMES JACKSON, ) | |
| GARY BROWN, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter came on regularly for hearing, before the Hon. Oliver W. Wanger, United States Senior District Court Judge, on November 27, 2006, for hearing on the Motions in Limine filed on behalf of Defendant James Jackson on November 13, 2006, later joined by co-defendant Gary Brown. The United States of America was represented by Kimberly Sanchez, Assistant United States Attorney. Defendant Gary Brown was personally present and represented by his counsel Eric Green, Esq. James Jackson was personally present represented by his attorney Roger K. Litman, Esq.

The court, having considered the motions in limine filed on behalf of Mr. Jackson, the government's response thereto filed on November 20, 2006, and the argument of counsel, rendered the following rulings:

Defendants' Motion in Limine I was granted. No evidence will be offered, or

argument made by any counsel, that Mr. Jackson was in custody on a child support matter when he was arrested and re-booked on the charges in the Indictment returned on February 9, 2006.

Defendants' Motion in Limine II was granted. Pursuant to Federal Rule of Criminal Procedure 24(b) the court determined that the defendants in this action would be allowed six joint peremptory challenges; each defendant was allowed four separate peremptory challenges for a total of 14 preemptory challenges.

In consideration of the additional peremptory challenges allowed to the defendants, the government was allowed a total of seven peremptory challenges.

Defendants' Motion in Limine III was granted subject to the stipulation of the parties that the government would not be obligated to provide Jencks Act Material or other requested discovery until after the next court hearing in this matter, on December 4, 2006, and only in the event either or both defendants rejected the pending offers of settlement and reconfirmed the matter for trial.

Defendants' Motion in Limine IV was granted subject to the representation by the government that it was reviewing discovery provided, and its files, to confirm that all discovery required by law, and the orders of this court, were provided to the defendants.

Defendants' Motion in Limine V was granted. Absent a proper foundation, no government witness will be permitted to testify to use of the nickname of "Jug" or "Jugg" by Mr. Jackson or "Field Rat" by Mr. Brown.

Defendants' Motion in Limine VI was granted based on the government's representation to the court that it did not intend to offer any evidence of other crimes, wrongs or acts allegedly committed by the defendants pursuant to the provisions of Federal Rule of Evidence 404(b), in its case in chief, but reserves the right do so on rebuttal.

///

///

1  Approved as to Form and Content:

2

3  DATED:  November 29, 2006        /s/ Kimberly Sanchez
   Kimberly Sanchez, AUSA
4  **This was agreed to by Ms. Sanchez via telephone, on November 29, 2006**

5
   Approved as to Form and Content:
6

7  DATED:  November 29, 2006        /s/ Eric Green
   Eric Green, Esq.
8  **This was agreed to by Mr. Green via telephone, on November 28, 2006**

9

10

11  IT IS SO ORDERED.

12  **Dated:   December 2, 2006**            **/s/ Oliver W. Wanger**
    emm0d6                                  UNITED STATES DISTRICT JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3